Bonnie A. Hamilton, Esq. (SB 180502)
BLUESTONE ZUNINO & HAMILTON, LLP
50 Old Courthouse Square, Suite 401
Santa Rosa, CA 95404
Telephone: 707-526-4250
Facsimile: 707-526-0347
Email: bonnie@bzhlegal.com

Attorneys for Defendant County of Sonoma

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| FREAR STEPHEN SCHMID AND ASTRID SCHMID, | Case No. 3:19-cv-00883-JD |
|---|---|
| Plaintiffs, | **DEFENDANT COUNTY OF SONOMA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREON** |
| vs. | |
| COUNTY OF SONOMA, | |
| Defendants. | [FRCP Rule 56] |
| | Date: April 16, 2020<br>Time: 10:00 a.m.<br>Ctrm: 11, 19th Floor |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE and notice is hereby given that on April 16, 2020, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 11 of the above-entitled court located at 455 Golden Gate Avenue, San Francisco, California, (19th Floor), defendant County of Sonoma will and does hereby move for judgment in its favor, and against plaintiffs Frear Stephen Schmid and Astrid Schmid, on each and every count contained in the plaintiffs' Complaint [Docket 1] filed on February 19, 2019, pursuant to Fed. Rules Civ. Proc. Rule 56. Alternatively, defendant will move for partial summary judgment, on each and every of the following grounds:

1. Plaintiffs' first count in the complaint (titled "Violation of 42 USC Section 1983" but alleging violations of the Fourth Amendment of the United States Constitution) is meritless as there is no evidence supporting a genuine issue of triable fact that the

1 County violated plaintiffs' Fourth Amendment rights.

2. Plaintiffs' second count in the complaint (titled "Violation of California Rights" but referencing California Constitution Article I, Section 1) cannot be maintained as plaintiffs cannot establish facts necessary to support this claim.

3. Plaintiff's third count in the complaint (titled "Relief Under California Code of Civil Procedure Section 1094.5") cannot be maintained as there is no evidence in the administrative record supporting a finding that the Board of Building Appeals' decision was not supported by substantial evidence in the record.

This motion is based on this Notice of Motion and Motion for Summary Judgment or, Alternatively, Partial Summary Judgment; the attached Memorandum of Points and Authorities in Support thereof; the declaration of Nathan Quarles in Support; the papers and records on file in this action and on such other and further matters as the Court deems appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

This action is for violation of civil rights under 42 U.S.C. section 1983 and is an administrative writ proceeding pursuant to California Code of Civil Procedure Section 1094.5. Plaintiffs Frear Stephen Schmid and Astrid Schmid ("plaintiffs") allege that their application for an agricultural building exemption for unpermitted modifications to a structure on their property was denied (after a full hearing) improperly and that the process employed by the County ordinances for consideration of such applications somehow violates the United States Constitution's guarantee of "due process of law." They claim that an administrative inspection of the structure as part of the application review process constitutes an impermissible infringement of their Fourth Amendment right to be free from unreasonable search and seizure. (Complaint, ¶26-27)

**Request The Court Accept Supplemental Jurisdiction of Counts Two and Three**

Plaintiff Frear Stephen Schmid is an attorney himself, who has sued the County and other entities numerous times on behalf of clients, alleging the same types of claims first in Federal Court (trial court and appeals) and then, after the court dismisses the constitutional claims and refuses to exercise supplemental jurisdiction over the state law claims, in State Courts (trial court and appeals). (Jensen v. County of Sonoma, USDC CV-08-3440 and Ninth Circuit Case No. 10-16459; Jensen v.

County of Sonoma, Sonoma County Superior Court Case No. SCV 258993 and Cal. Ct Appeal First District May 25, 2015 A139466; County of Sonoma v. Jensen, Cal. Ct Appeal First District May 9, 2018 A151828; Wesner v. County of Napa, USDC CV-08-3377 and Napa County Superior Court Case No. 26-59313 and four Cal. Ct Appeal First District appeals in A141042, A145215, A146886 and A154839). It is for this reason that defendant requests the Court resolve the state law claims (second and third counts) which Schmids have chosen to file in federal court and resolve them here with the federal constitutional claim, so that the parties may avoid the costs and time associated with a re-filing of these claims (and successive appeals related thereto in two rather than one jurisdiction) in state court should the court decline to exercise supplemental jurisdiction over said counts.

**Factual Background**

This action arises from a routine code enforcement matter, all of which is documented in the administrative record (Declaration of Nathan Quarles, Ex. A, attaching Administrative Record below, referred to hereafter as "AR" followed by a page number reference). Plaintiffs undertook unpermitted construction of an agricultural building on their property, which generated a complaint to code enforcement in 2000. The code enforcement action stretched over many years, with no abatement. (AR 3). Consistent with the County's procedures, the plaintiffs were served a Notice of Violation, a Notice of Inquiry and finally a Notice and Order for correction (AR 17-21). In response, the plaintiffs opted to apply for an "agricultural use exemption" under Section 7-7 of the Sonoma County Code. (AR 6-13) On the application, the plaintiffs (through Frear Stephen Schmid) verified that the building is "to be used for housing farm machinery, animals, supplies or products that are harvested from or utilized on the same parcel of land as the proposed building." (AR 6) The process for approval of such an exemption includes Policy and Procedure Number 4-0-5 which states in pertinent part:

> Site evaluation: staff conducts a review in the field to determine the following: 1. Flood hazard zone. Agricultural exempt buildings are not allowed in a flood hazard zone. 2. Soil stability. If a geotechnical report is required, an agricultural exemption cannot be approved until the report is submitted and approved. 3. Setback requirements. Verify that the proposed building conforms to setback requirements. 4. Agricultural use. Verify that an agricultural use exists on the property. If the agricultural use cannot be established on the property until after the agricultural building is constructed (i.e., can't place the horses on the property without a building to house the feed, etc.), the Department will accept evidence of the agricultural use. A letter from the property owner is acceptable. (AR 4, 22-23)

The crux of this dispute is the plaintiffs' claim (made both at the administrative level below and in this federal lawsuit) that the County was not permitted to actually inspect the building in question (a barn) as part of its policy to "verify that an agricultural use" exists which would confirm that the application for an agricultural use exemption could be awarded as requested by the plaintiffs. Plaintiffs claim that to permit the County to do so would constitute an impermissible curtailment of their Fourth Amendment rights. In other words, "take our word for it" should be adequate.

The efforts taken by the plaintiffs to frustrate the County's ability to adequately verify the agricultural use of the structure are notable. First, when the inspector Paul Marquez went to the site, the plaintiffs would not let him look into the barn structure, but he did see through a small opening between slats that it was being used to house vehicles, which is not a permitted agricultural use. (AR 4, 24) When the plaintiffs were notified that the agricultural exemption did not apply, they arranged for a second inspection, wherein they indicated that the barn would be accessible for interior access. (AR 4, 25-26) However, it was not; in fact, plaintiffs went to great lengths to ensure that it was completely inaccessible. (AR 4, 27-28) They were again informed that if they did not permit the inspection (and additional time for such was again provided), the application would be denied. (AR 27) Plaintiffs failed to accept the Department's attempts to offer a final reinspection which would permit access, and the application was closed based on the previously existing letter of denial and continued lack of access. (AR 29)

Plaintiffs appealed the department's denial of their application for an agricultural use exemption to the Board of Building Appeals (BOBA), as provided for in the County's code. (AR 14-16) They claimed that the department was "unlawfully attempting to violate right to privacy and 4th Amendment and CA Constitution by refusing to finalize the exempt status by recording same." (AR 14) The BOBA, after a full hearing[1], unanimously rejected the appeal. (AR 31) By County Code, these decisions are final and thus an administrative writ procedure pursuant to C.C.P. Section 1094.5

---

[1] Even at the BOBA hearing, the department tried to give plaintiffs the opportunity to re-open their application and move it through the process; a motion was made and approved to permit plaintiffs 15 additional days for re-inspection, but that Mr. Schmid "refuses to comply with re-inspection terms and motion [to deny the appeal] stands." (AR 30-31)

is the next step for review (a step which is limited in scope by the record on review). (AR 34; RJN Ex A)

## LEGAL ARGUMENT

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the nonmoving party's claim, or to a defense on which the nonmoving party will bear the burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); see also *Nissan Fire & Marine Ins. Co. v. Fritz Cos. Inc.*, 210 F.3d 1099 (9th Cir. 2000). Once the movant has made this showing, the burden shifts to the party opposing summary judgment to "designate specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 323. To establish a "genuine" issue of fact when opposing summary judgment, a plaintiff must "produce *at least some significant probative evidence* tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990) (italics added).

A. **Plaintiffs Cannot Establish A Constitutional Violation Occurred Under Federal or State Constitutions (First and Second Counts)**

  1. **Lack of Evidence to Establish Municipal Liability Under 42 USC Section 1983**

Municipalities may be sued for implementation of unconstitutional policies or customs (*Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978)). There are three ways to show a policy or custom of a municipality: (1) By showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) By showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision or (3) By showing

that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate. See *Monell*, 436 U.S. at 690-92; *Menotti v. City of Seattle,* 409 F.3d 1113, 1147 (9th Cir. 2005).

Plaintiffs' allegations do not illustrate or identify an unconstitutional policy of any kind. Plaintiffs describe circumstances which are unique to them, and there is no evidence to suggest that their claimed injury was the result of implementation of an identified policy or custom which offends constitutional notions of any kind. A local government may be liable under Section 1983 only "when execution of a government's policy or custom . . . inflicts the injury." *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 452 (2010) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, *supra* at 691). See also *Doe v. Sempervirens Mental Health Facility*, No. 14-CV-00816-JD, 2015 WL 4238242, at *3 (N.D. Cal. July 13, 2015), aff'd, 697 F. App'x 515 (9th Cir. 2017). Section 1983 liability may not be predicated on a single incident or a few sporadic events. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

The first count should be adjudicated in County's favor on this basis alone. Plaintiffs allege a single incident, not a pattern or practice. And while there is a conclusory allegation that this single, isolated incident was "ratified" by the department head, plaintiffs lack evidence of any pattern or practice of ratification of an unconstitutional practice.

### 2. No Fourth Amendment Violation Attaches to Inspection Requirement

The Fourth Amendment of the United States Constitution[2] provides that people are entitled to be "secure in their persons, houses, papers and effects, against unreasonable searches and seizures." The power of counties or cities to make and enforce ordinances and regulations within their jurisdictions also has constitutional origins. Cal.Const., Art. XI, §7. Typical subjects of local regulation include use of land (zoning and abatement), use of streets, business and occupations and animals. See, Witkin, *Summary of California Law* Vol 8, "Constitutional Law", §984 et seq. (10 Ed. 2005).

Here, the plaintiffs were notified of a building code violation. Rather than opt to obtain an

---

[2] This is also guaranteed in Cal. Const., Art. I, §13.

after-the-fact building permit, the plaintiffs (one of whom is an experienced land use attorney) opted instead to seek a variance by applying for an agricultural exemption. By doing so, plaintiffs consented to the procedure outlined in the County's ordinance for such, which includes a site inspection. Plaintiffs opted for that procedure with full knowledge of that process. (AR 6-13) That includes a site review in the field to determine or verify that the agricultural use exists. See *Sanchez v. Cnty. of San Diego*, 464 F.3d 916, 923–924 (9th Cir. 2006); *G.H. Love, Inc. v. Fleming*, 161 F.2d 726, 728 (9th Cir. 1947). Once the site evaluation is completed, the department notifies the applicant of its approval or denial and, if denied, the basis of such denial. (See Attachment to Complaint).

Plaintiffs obstructed the County's ability to perform the site inspection not once, but twice. First, they refused the County access to the structure at all. Then, after agreeing to permit the inspection, the plaintiffs deliberately obstructed entrance into the structure by stacking hay bales across the entire opening, prohibiting entry and keeping the County from even seeing into the structure. This game-playing made the inspection impossible. (AR 27-29) Since no search occurred at all, the Fourth Amendment claim is frivolous.[3]

The suggestion that a site inspection associated with the application by plaintiffs for an agricultural exemption violates the Fourth Amendment's safeguard against unreasonable search and seizure is not legally supportable. There is no authority for such a position. Indeed, plaintiffs consented to the procedure by applying for the agricultural exemption. Additionally, the fact that plaintiffs did not permit the entry into the offending structure is the best evidence that no constitutional infringement occurred at all. Plaintiffs' assertion that the County's requirement of a site inspection as a step in the approval of the plaintiffs' own voluntary application for such violates the Fourth Amendment offends all notions of reasonableness.

By inviting, then impairing, the County to inspect the offending building, the steps that are necessary for approval of the agricultural exemption application could not be completed; it is

---

[3] Plaintiffs' advancement of this theory of relief is arguably facially frivolous, because this was precisely the same reason why the Ninth Circuit denied a similar claim put forth by Mr. Schmid as an attorney in the *Jensen v. County of Sonoma* matter, cited above, at page 4. FRCP Rule 11(b) prohibits precisely this type of filing.

undisputed that plaintiffs did not obtain a permit for the barn improvements, and their decision (not the County's) was to apply for a variance. That was their prerogative. Plaintiffs are still able to apply for an after-the-fact permit and undertake that procedure instead. They have made no effort to do so.

### 3. Plaintiffs were Afforded Due Process

In general, a proceeding before an administrative office or board adequately satisfies due process concerns when it provides notice and opportunity to be heard. *Ohio Bell Tel. Co. v. Public Util. Com. of Ohio,* 301 U.S. 292, 304 (1937). In order to state a cause of action for violation of procedural due process, Plaintiffs must plead two elements. First, Plaintiffs must establish that a liberty or property interest exists that would entitle them to due process protections. Second, having established a constitutionally protected interest, Plaintiffs must allege that they were denied due process in violation of the Fourteenth Amendment. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428 (1982); *Board of Regents v. Roth,* 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.") If a liberty or property interest is at stake, the court then applies a three part balancing test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (citations omitted). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Id. at 333 (internal quotations and citation omitted). In the context of an administrative hearing, the Supreme Court in *Mathews*, explained that:

> The judicial model of an evidentiary hearing is neither a required, nor even the most effective, method of decisionmaking in all circumstances. The essence of due process is the requirement that a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it. All that is necessary is that the procedures be tailored, in light of the decision made, to the capacities and circumstances of those who are to be heard, to insure that they are given a meaningful opportunity to present their case.

Id. at 348-349 (citations and internal marks omitted).

Plaintiffs have no evidence that they were denied a meaningful opportunity to be heard. There is no question that they received notice of, and were able to fully participate in, the hearing before BOBA. (AR 30-31) The decision to deny the agricultural exemption was appealed by plaintiffs to the BOBA. (AR 14) The hearing was conducted and allowed for ample opportunity for plaintiffs to be

heard and present their evidence. (AR 30-31) The plaintiffs put on their evidence and argued their position, and the County put on its evidence. The unanimous decision denying the appeal was reached by BOBA. (Id.) The result may not be what they wanted, but that does not mean that it violated the notions of constitutionality.

### 4. State Constitution Affords No Greater Due Process or Search and Seizure Rights than Federal Constitution

Plaintiffs' second count does nothing more than incorporate all of the allegations of the first count, and state that they are seeking to "enjoin" the County for violations of their rights "inter alia under the California Constitution Article I, Section 1." (Complaint, ¶32-33)

Article I, Section 1 provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." There are no facts alleged to support any claim under this Article other than those facts alleged to support the first count, and therefore there is no reason or opportunity afforded to undertake an analysis different from that undertaken above. The relief sought is to "enjoin" the County, which is the same relief sought in the first count.

## B. Administrative Writ is Not Supported by Evidence of Prejudicial Abuse of Discretion

Plaintiffs' third count seeks relief under California Code of Civil Procedure Section 1094.5, alleging that the County, through its BOBA, exceeded its jurisdiction "in that it made erroneous determinations of law, facts and acted in violation of plaintiffs' constitutional rights" in the same vein as the constitutional claims and that the decision it issued was contrary to the substantial evidence and law. (Complaint ¶39.)

Review of an administrative order by a court is limited. "'The inquiry of the issuance of a writ of administrative mandamus is whether the agency in question prejudicially abused its discretion; that is, whether the agency action was arbitrary, capricious, in excess of its jurisdiction, entirely lacking in evidentiary support, or without reasonable or rational basis as a matter of law. [Citations.] A prejudicial abuse of discretion is established if the agency has not proceeded in a manner required by law, if its decision is not supported by findings, or if its findings are not supported by substantial

evidence in the record.'" (*Carloss v. County of Alameda*, 242 Cal.App.4th 116, 132 (2015), quoting *Sierra Club v. County of Napa*, 121 Cal.App.4th 1490, 1497 (2004).)

As to the claims that the BOBA proceeding violated due process limitations (Paragraph 39(a) through (e)), for all of the reasons set forth above in Section A, those claims are entirely without merit. There is no evidence that the hearing did not comport with due process concerns; that plaintiffs were denied of their opportunity to be heard (by competent and experienced counsel–Mr. Schmid himself); that the unanimous decision was not supported by substantial evidence in the record.

Plaintiffs did not file a record with the petition. (C.C.P. §1094.5(a)) From the administrative record filed with this motion, it is clear that there exist no grounds for commanding the County to set aside its decision. The writ (third count) must be denied, and judgment entered in favor of County. (C.C.P. §1094.5(f))

**C.   Defendant Seeks Permission to File a Motion for Attorneys Fees Pursuant to 42 U.S.C. Section 1988.**

Pursuant to 42 U.S.C. Section 1988 and under the authority of *Fox v. Vice*, 563 U.S. 826 (2011), defendant requests the Court find that this action is "frivolous, unreasonable or without foundation" and permit the County of Sonoma to file a motion for attorney's fees should it prevail on this motion for summary judgment.

Dated: March 12, 2020                                 BLUESTONE ZUNINO & HAMILTON, LLP

By: /s/ *Bonnie A. Hamilton*
Bonnie A. Hamilton, Esq.
Attorneys for Defendant County of Sonoma

# CERTIFICATE OF SERVICE

I am employed in Sonoma County, California. I am over the age of 18 years and not a party to the within action. My business address is 50 Old Courthouse Square, Suite 401, Santa Rosa, CA 95404. On March 12, 2020, I served the following document(s):

**DEFENDANT COUNTY OF SONOMA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREON**

by placing a true copy thereof enclosed is a sealed envelope and/or served in the manner described below and addressed to:

**Attorneys for Plaintiffs:**
J. Curtis Edmondson, Esq.
Law Offices of J. Curtis Edmondson
Venture Commerce Center
3699 NE John Olsen Ave.
Hillsboro, OR 97124
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson@edmolaw.com

XX **BY U.S. MAIL:** I caused such envelope to be deposited in the mail by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. The name and address of each person/firm to whom I mailed the documents is listed above.

___ **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the addressee(s) designated above.

___ **BY OVERNIGHT COURIER SERVICE:** I caused such envelope to be delivered via overnight courier services to the addressee(s) designated above.

XX **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direct this service was made.

___ **BY E-MAIL:** I transmitted electronically the listed documents(s) to the e-mail address(es) of the addressee(s) set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed March 12, 2020, at Santa Rosa, California.

*Emilee Saltzer*
Emilee Saltzer